Jason S. Oliver
Peter B. Shapiro
 (*pro hac vice pending*)
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff In-N-Out Burgers*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN-N-OUT BURGERS, a California Corporation, | *Document Filed Electronically* |
| Plaintiff, | Civil Action No. _____ |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| AZIM BAGEL LLC d/b/a IN-N-OUT BAGEL, | |
| Defendant. | |

Plaintiff In-N-Out Burgers, a California Corporation ("In-N-Out Burgers"), by and through its undersigned counsel, for its Complaint against defendant Azim Bagel LLC, which upon information and belief is doing business as In-N-Out Bagel ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, state law unfair competition under N.J. Stat. Ann. § 56:4-1, and common law unfair competition.

## THE PARTIES

2.      Plaintiff In-N-Out Burgers is a California corporation with its principal place of business in Irvine, California.

3.      Upon information and belief, Defendant Azim Bagel LLC is a limited liability company organized under the laws of the State of New Jersey, with its registered address and principal place of business at 2321 Plainfield Avenue, South Plainfield, New Jersey 07080-2926.

4.      Upon information and belief, Defendant does business under the name In-N-Out Bagel, a food service establishment located at 2321 Plainfield Avenue, South Plainfield, New Jersey 07080-2926.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendant because Defendant regularly transacts business in New Jersey and engaged in the wrongful conduct alleged in the Complaint in this judicial district.

6.      This Court has original jurisdiction over the Lanham Act claims for relief in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Alternatively, this Court has subject matter jurisdiction in this action under 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the sum of damages exceeds $75,000.  This Court also has original jurisdiction over the claims for relief asserted under New Jersey law under 28 U.S.C. § 1338(b).  This Court may also exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides and conducts substantial business in this judicial district and the infringing acts alleged herein were and are being committed in this judicial district.  Defendant advertises goods and services bearing the infringing trademark and has made associated sales in this judicial district.

**PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS**

8. Founded in 1948, Plaintiff has operated under the name "In-N-Out Burger," as a successful and nationally recognized chain of quick service restaurants offering burger sandwiches and other goods and services.

9. Plaintiff now has more than 300 In-N-Out Burger locations in the United States and is continuing to expand its national chain of restaurants.

10. Plaintiff serves and has served thousands of out-of-state customers who regularly travel to In-N-Out Burger locations, including those near tourist attractions and in heavily visited areas such as Hollywood, California, Fisherman's Wharf in San Francisco, California, Las Vegas, Nevada, and the University of Texas, Austin.

11. Plaintiff and its products and services are nationally known because of its extensive advertising through television, radio, and the Internet. Plaintiff's fan and customer base extends into New Jersey as its products and restaurant services are routinely mentioned in major New Jersey media outlets such as the <u>Bergen Record</u> and the <u>Newark Star Ledger</u>, and surrounding metropolitan area mainstream media outlets.

12. In-N-Out Burgers maintains a website, www.in-n-out.com, which offers information about In-N-Out Burgers, its restaurants, goods, and services, and through which In-N-Out Burgers sells its branded merchandise nationwide.

13. In-N-Out Burgers' quick service restaurants have received widespread public recognition throughout the United States for its cleanliness, food quality, and customer service, and have been featured in many significant national publications, television shows, and consumer and industry reports.

14. Plaintiff has continuously used federally registered trademarks and service marks including the words "In-N-Out" and "In-N-Out Burger" since at least 1960. Plaintiff has used

3

those marks in interstate commerce in connection with its advertising, promotion, offering to provide, and providing specially prepared sandwiches and other products and services to consumers.

15. Plaintiff has developed tremendous goodwill in its marks, including its "In-N-Out" marks.

16. Plaintiff has worked diligently to establish high standards and rigorous quality control standards and procedures that are applied to all goods and services connected to the family of In-N-Out marks.

17. Through its restaurants, company retail stores, and online store, Plaintiff has sold and continues to sell products, including company and sponsored merchandise, and offer services under its In-N-Out marks throughout the United States, including in New Jersey.

18. In-N-Out Burgers owns numerous federally registered trademarks and service marks comprising the words "In 'N' Out" (U.S. Reg. No. 0930203), "In-N-Out" (U.S. Reg. Nos. 1,085,163; 1,522,799; 1,525,982; 1,101,638; 1,101,628; 2,217,307; 2,285,823; 1,780,587) and "In-N-Out Burger" (U.S. Reg. Nos. 1,031,095; 1,031,096; 1,023,506; 1,528,455; 1,539,451; 1,528,456; 1,516,560; 2,026,720; 3,367,471) (collectively, the "Registered Marks"). The Registered Marks are registered for an array of goods and services in multiple classes, including retail grocery store services (Class 42), hamburgers (Class 30), coffee (Class 30), milk and french-fried potatoes (Class 29), beverages (Class 32), restaurant services (Class 42), shirts (Class 25), mugs (Class 21), and others. Information from the United States Patent and Trademark Office regarding the cited registrations is attached as **Exhibit A** hereto.

19. Under these incontestable registrations, Plaintiff owns all right, title and interest in its family of In-N-Out marks.

20. Plaintiff has used the Registered Marks, along with Plaintiff's numerous other registered federal trademarks, in interstate commerce to identify and distinguish In-N-Out Burgers' products and services for decades. This includes displaying the marks at restaurants, and on product packaging, menus, signage, mobile food trucks, promotional materials, the Internet, and advertising materials.

21. The Registered Marks are symbols of the origin, quality, reputation, and goodwill of In-N-Out Burgers' products and services.

22. In-N-Out Burgers has invested millions of dollars in advertising featuring the Registered Marks in an effort to create a strong association between the Registered Marks and In-N-Out Burgers' products, services, and goodwill.

23. As a result of the care and skill exercised by In-N-Out Burgers in the conduct of its business, the high quality of the products and services offered under its Registered Marks, and the extensive advertising, sale, and promotion of products and services bearing its Registered Marks, its Registered Marks have acquired secondary meaning throughout the United States.

24. The Registered Marks are strong, arbitrary marks that warrant broad protection in both related and unrelated product and service classes.

25. Since at least the date of first use of each of the Registered Marks, In-N-Out Burgers has manifested its intent to maintain exclusive ownership of the Registered Marks and to continue use of the Registered Marks in interstate commerce in connection with In-N-Out Burgers' products and services.

26. In-N-Out Burgers has carefully monitored and policed the use of the Registered Marks and maintains tight control over their use.

## DEFENDANT'S INFRINGING CONDUCT

27. Defendant is using in commerce infringing marks in the restaurant industry, the same industry as In-N-Out Burgers.

28. Upon information and belief, Defendant owns and operates a restaurant called "In-N-Out Bagel," located at 2321 Plainfield Avenue, South Plainfield, New Jersey 07080-2926.

29. Like In-N-Out Burger, "In-N-Out Bagel" offers food, beverages, and related services to consumers. A Facebook page for "In-N-Out Bagel" indicates that "In-N-Out Bagel" offers burger sandwiches and French fries. A copy of "In-N-Out Bagel's" Facebook page is attached hereto as **Exhibit B**.

30. Upon information and belief, "In-N-Out Bagel" is a new business that first began restaurant operations in South Plainfield, New Jersey on or about March 11, 2017.

31. Defendant has used, and continues to use, the mark "In-N-Out" (the "Infringing Mark") in connection with its sale of food items at "In-N-Out Bagel."

32. Defendant has advertised the Infringing Mark in New Jersey and in this judicial district through its menu flyers. Defendant has also used social media websites to advertise and promote In-N-Out Bagel in New Jersey and in interstate commerce.

33. The sans serif font and arrow pointing to the right that Defendant has adopted for the Infringing Mark as used in conjunction with Defendant's commercial business are very similar to those used by In-N-Out Burgers in its Registered Marks:



34. In-N-Out Burgers' logo and design, which predates the existence of Defendant's business by many decades, uses the phrase "In-N-Out" in block sans serif lettering superimposed over a stylized arrow that points to the right.



35. The Infringing Mark as used by Defendant is a colorable imitation of In-N-Out Burgers' Registered Marks that is likely to cause confusion or mistake or to deceive.

36. In-N-Out Burgers did not authorize Defendant to use the Infringing Mark or any other colorable imitation of the Registered Marks.

37. Defendant's use of In-N-Out Burgers' distinctive trademarks implies that Defendant provides In-N-Out products or In-N-Out-backed products to consumers, and that the quality and services that Defendants offer are commensurate with the quality that In-N-Out Burgers offers.

38. On numerous occasions, In-N-Out Burgers has communicated with Defendant regarding its use of the Infringing Mark in connection with the "In-N-Out Bagel" business. On April 11, 2017 and April 26, 2017, In-N-Out Burgers' counsel wrote to Defendant, advising it that its use of the Infringing Mark is likely to cause customers to believe that "In-N-Out Bagel" is associated or affiliated with or sponsored by In-N-Out Burgers. In-N-Out Burgers has also asked Defendant to cease and desist from the use of the Infringing Mark. In these communications, In-N-Out Burgers cited the Registered Marks and their use throughout the United States. Copies of the April 11, 2017 and April 26, 2017 letters are attached hereto as **Exhibit C**.

39. Defendant ignored these letters, so In-N-Out Burgers' outside counsel wrote to Defendant on May 16, 2017. A copy of the May 16, 2017 letter to In-N-Out Bagel is attached as **Exhibit D**.

40. Defendant again ignored this letter, so In-N-Out Burgers' outside counsel telephoned Defendant on June 6, 2017. During that telephone conversation, an individual who identified himself as Azem Said reported that Defendant would not stop using the Infringing Mark.

41. On June 9, 2017, In-N-Out Burgers' outside counsel wrote to Defendant advising that unless Defendant reconsidered its position, Plaintiff would commence legal action to defend its trademark rights. A copy of the June 9, 2017 letter to In-N-Out Bagel is attached as **Exhibit E**.

42. Defendant ignored the June 9, 2017 letter and has refused to stop using the Infringing Mark despite being aware of In-N-Out Burgers' Registered Marks.

43.     Defendant is engaging in these infringing activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of In-N-Out Burgers.

## CLAIMS FOR RELIEF

### COUNT I: TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

44.     Paragraphs 1-43 are incorporated herein by reference.

45.     In-N-Out Burgers exclusively owns the Registered Marks.

46.     In-N-Out Burgers has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant products and services

47.     The Infringing Mark is a colorable imitation of the Registered Marks which Defendant has used, and continues to use, in commerce in connection with the operating of a food service establishment.

48.     Upon information and belief, Defendant's unauthorized use of colorable imitations of the Registered Marks has caused, and likely will cause, confusion, mistake, or deception in the relevant consumer market.

49.     Defendant's unauthorized use of colorable imitations of the Registered Marks constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1117.

50.     Defendant has acted in bad faith and willfully in adopting colorable imitations of the Registered Marks in connection with the operating of a restaurant in an effort to reap the benefits of the goodwill associated with In-N-Out Burgers' Registered Marks.

51.     Defendant's infringing acts have caused and will continue to cause In-N-Out Burgers to suffer irreparable injuries to its reputation and goodwill. In-N-Out Burgers does not have an adequate remedy at law to recover for this harm, and therefore, In-N-Out Burgers is entitled to injunctive relief.

## COUNT II: FEDERAL UNFAIR COMPETITION, 15 U.S.C. 1125(a)

52. Paragraphs 1-51 are incorporated herein by reference.

53. Defendant's intentional commercial use of the Infringing Mark constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact, and has, upon information and belief, caused and is likely to cause confusion, mistake, and deception as to the following:

    (a) the affiliation, connection, or association of In-N-Out Bagel with In-N-Out Burgers;

    (b) the origin, sponsorship, or approval of In-N-Out Bagel by In-N-Out Burgers; and

    (c) the nature, characteristics, or qualities of Defendant's goods and services that bear the Infringing Mark.

54. Defendant knew or should have known of In-N-Out Burgers' trademark rights, and its infringement has been knowing, willful, and deliberate.

55. Defendant's conduct as alleged herein constitutes unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendant's conduct as alleged herein has caused and will continue to cause immediate and irreparable injuries to In-N-Out Burgers' reputation and goodwill. Plaintiff has no adequate remedy at law to recover for this harm, and is therefore entitled to injunctive relief under 15 U.S.C. § 1116.

**COUNT III: UNFAIR COMPETITION IN VIOLATION OF N.J. STAT. ANN. §§ 56:4-1 AND 56:4-2**

57. Paragraphs 1-56 are incorporated herein by reference.

58. In-N-Out Burgers owns and enjoys rights in the Registered Marks throughout the United States.

59. In-N-Out Burgers has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant products and services.

60. Defendant has used and continues to use the Infringing Mark, which is a colorable imitation of the Registered Marks, in commerce in connection with the operation of its business in New Jersey.

61. Through In-N-Out Burgers' use of its Registered Marks, they have achieved secondary meaning and are recognized by the public as inextricably connected to In-N-Out Burgers.

62. Upon information and belief, Defendant's unauthorized use of colorable imitations of the Registered Marks has caused, and will likely cause, confusion in the relevant consumer market.

63. Defendant's intentional commercial use of the Infringing Mark constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact, and has, upon information and belief, caused and is likely to cause confusion, mistake, and deception as to the following:

    (a) the affiliation, connection, or association of In-N-Out Bagel with In-N-Out Burgers;

    (b) the origin, sponsorship, or approval of In-N-Out Bagel by In-N-Out Burgers; and

    (c)  the nature, characteristics, or qualities of Defendant's goods and services that bear the Infringing Mark.

  64.  Defendant's intentional commercial use of the Infringing Mark is nonfunctional and serves no purpose other than identification.

  65.  Defendant's false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

  66.  Defendant's conduct in using the Infringing Mark is willful, deliberate, and intended to confuse the public in an effort to reap the benefits associated with In-N-Out Burgers' Registered Marks.

  67.  Defendant's acts have caused, and will continue to cause irreparable injuries to In-N-Out Burgers' reputation and goodwill.  In-N-Out Burgers has no adequate remedy at law to fully compensate it for this harm, and is therefore entitled to injunctive relief pursuant to N.J. Stat. Ann. § 56:4-2.

### **COUNT IV: UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW**

  68.  Paragraphs 1-67 are incorporated herein by reference.

  69.  In-N-Out Burgers owns and enjoys rights in the Registered Marks throughout the United States.

  70.  In-N-Out Burgers has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant products and services.

  71.  Through In-N-Out Burgers' use of its Registered Marks, they have achieved secondary meaning and are recognized by the public as inextricably connected to In-N-Out Burgers.

72. Defendant has used and continues to use the Infringing Mark, which is a colorable imitation of the Registered Marks, in commerce in connection with the operation of its business in New Jersey.

73. Defendant's intentional commercial use of the Infringing Mark constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact, and has, upon information and belief, caused and is likely to cause confusion, mistake, and deception as to the following:

    (a) the affiliation, connection, or association of In-N-Out Bagel with In-N-Out Burgers;

    (b) the origin, sponsorship, or approval of In-N-Out Bagel by In-N-Out Burgers; and

    (c) the nature, characteristics, or qualities of Defendant's goods and services that bear the Infringing Mark.

74. Defendant's intentional commercial use of the Infringing Mark is nonfunctional and serves no purpose other than identification.

75. Defendant's false designations, descriptions, and representations were made deliberately and with knowledge of their falsity.

76. Defendant's conduct was intended to capitalize on the goodwill associated with In-N-Out Burgers' Registered Marks for its own pecuniary gain.

77. Defendant's acts have caused, and will continue to cause irreparable injuries to In-N-Out Burgers' reputation and goodwill. In-N-Out Burgers has no adequate remedy at law to fully compensate it for this harm, and is therefore entitled to injunctive relief.

78. Defendant's actions constitute unfair competition in violation of New Jersey common law.

## PRAYER FOR RELIEF

**WHEREFORE**, In-N-Out Burgers respectfully requests the following relief:

(a) Judgment in In-N-Out Burgers' favor on all federal and state law claims alleged herein;

(b) An order that Defendant, its agents, servants, employees, attorneys, and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully using the Infringing Mark and any mark that is confusingly similar to Plaintiff's Registered Marks;

(c) An order requiring Defendant to cancel all registrations and licenses for businesses, trade names, fictitious names, and any others containing the Infringing Mark or any combination of "In" and "Out";

(d) Damages, including actual damages, statutory damages, and punitive damages, in an amount to be proven at trial, together with prejudgment interest, and trebled pursuant to 15 U.S.C. § 1117;

(e) In-N-Out Burgers' reasonable attorneys' fees pursuant to 15 U.S.C. 1117, costs, and expenses; and

(f) Such further and other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues for which a jury trial is available.

Dated:  July 19, 2017                                    Respectfully submitted,

                                                                          By: s/ Jason S. Oliver

                                                                                Jason S. Oliver
                                                                                Peter B. Shapiro (*pro hac vice pending*)
                                                                                BAKER & HOSTETLER LLP
                                                                                45 Rockefeller Plaza
                                                                                New York, New York 10111
                                                                                Telephone: (212) 589-4200
                                                                                Facsimile: (212) 589-4201

                                                                                *Attorneys for Plaintiff In-N-Out Burgers*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined in this action.

Dated:  July 19, 2017                                     By: s/ Jason S. Oliver
                                                                              Jason S. Oliver
                                                                              Peter B. Shapiro (*pro hac vice pending*)
                                                                              BAKER & HOSTETLER LLP
                                                                              45 Rockefeller Plaza
                                                                              New York, New York 10111
                                                                              Telephone: (212) 589-4200
                                                                              Facsimile: (212) 589-4201

                                                                              *Attorneys for Plaintiff In-N-Out Burgers*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that Plaintiff seeks, *inter alia,* injunctive relief.

Dated: July 19, 2017

By: s/ Jason S. Oliver
Jason S. Oliver
Peter B. Shapiro (*pro hac vice pending*)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff In-N-Out Burgers*