**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN-N-OUT BURGERS, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> AZIM BAGEL LLC d/b/a IN-N-OUT BAGEL, <br><br> Defendant. | Civil Action No. 17-5265 (SDW) (LDW) <br><br> **ORDER OF DEFAULT JUDGMENT** <br><br> October 18, 2017 |

**WIGENTON**, District Judge.

This matter, having come before the Court on Plaintiff In-N-Out Burgers' Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b), and it appearing that:

1. Founded in 1948, In-N-Out Burgers (the "Plaintiff") is a chain of quick service restaurants offering burger sandwiches and other goods and services (Compl. ¶ 8);

2. Plaintiff has continuously used federally registered trademarks and service marks, including the words "In-N-Out" and "In-N-Out Burger" since at least 1960. Plaintiff has used those marks in interstate commerce in connection with its advertising and promotion, offering to provide and providing specially prepared sandwiches and other products and services to consumers (Compl. ¶ 14);

3. Through its restaurants, company retail stores, and online store, Plaintiff has sold and continues to sell products, including company and sponsored merchandise, and offer services under its In-N-Out marks throughout the United States, including in New Jersey (Compl. ¶ 17);

4. Plaintiff owns numerous federally registered trademarks and service marks comprised of the words "In 'N' Out" (U.S. Reg. No. 0930203), "In-N-Out" (U.S. Reg. Nos. 1,085,163; 1,522,799; 1,525,982; 1,101,638; 1,101,628; 2,217,307; 2,285,823; 1,780,587), and "In-N-Out Burger" (U.S. Reg. Nos. 1,031,095; 1,031,096; 1,023,506; 1,528,455; 1,539,451; 1,528,456; 1,516,560; 2,026,720; 3,367,471) (collectively, the "Registered Marks"). The Registered Marks are registered for an array of goods and services in multiple classes, including but not limited to retail grocery store services (Class 42), hamburgers (Class 30), coffee (Class 30), milk and french-fried potatoes (Class 29), beverages (Class 32), restaurant services (Class 42), shirts (Class 25), and mugs (Class 21) (Compl. ¶ 18);

5. Azim Bagel LLC (the "Defendant") owns and operates a restaurant called "In-N-Out Bagel," located at 2321 Plainfield Avenue, South Plainfield, New Jersey 07080-2926 (Compl. ¶ 28);

6. Like Plaintiff, "In-N-Out Bagel" offers food, beverages, and related services to consumers. A Facebook page for "In-N-Out Bagel" indicates that "In-N-Out Bagel" offers burger sandwiches and french fries (Compl. ¶ 29);

7. Defendant has used, and continues to use, the mark "In-N-Out" (the "Infringing Mark") in connection with its sale of food items at "In-N-Out Bagel" (Compl. ¶ 31);

8. On numerous occasions, Plaintiff has communicated with Defendant regarding its use of the Infringing Mark in connection with the "In-N-Out Bagel" business (Compl. ¶¶ 38-41);

9. Despite these communications, Defendant has refused to stop using the Infringing Mark (Compl. ¶¶ 40, 42);

10. Plaintiff filed a Complaint on July 19, 2017 seeking injunctive relief, damages, attorneys' fees, costs, and expenses;

11. Defendant was served with the Summons and Complaint on July 28, 2017;

12. Defendant "failed to plead or otherwise defend" this action. *See* Fed. R. Civ. P. 55(a);

13. Based on Defendant's failure to plead or otherwise defend, Default was entered on August 23, 2017; and

14. Defendants have failed to oppose or otherwise respond to the Motion;

IT IS therefore, on this 18th day of October, 2017,

**ORDERED** that Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) is **GRANTED**; and it is further

**ORDERED** that a permanent injunction is entered against Defendant, enjoining and restraining Defendant from using in any manner whatsoever any and all of Plaintiff's trademarks, service marks, and/or source identifiers, or any confusingly similar variants, whether in connection with any business, good, product, service, signage, document, Internet webpage, social media site, or in any other manner; and it is further

**ORDERED** that Defendant must immediately cancel any existing or pending corporate business registrations or related applications that use the trade name "In-N-Out Bagel" or any other mark, logo, trade name, domain name, social media page or other source identifier that is confusingly similar; and it is further

**ORDERED** that Defendant must cancel and forever close any of its web pages or social media pages containing the Infringing Mark, including without limitation Defendant's Facebook page for "In-N-Out Bagel" and any other confusingly similar variants; and it is further

**ORDERED** that Defendant is to pay Plaintiff's reasonable costs and attorneys' fees as the conduct alleged is willful and deliberate. Plaintiff is directed to file a fee application and statement of costs within twenty-one (21) calendar days of entry of this Order, at which point the Court will enter an appropriate award for fees and costs; and it is further

**ORDERED** that Plaintiff shall serve this Order on Defendant within 10 days and file proof of service with this Court; and it is further

**ORDERED** that the Clerk of the Court shall remove this case from the Court's active docket upon Plaintiff's filing of the aforementioned proof of service with the Court.

s/ Susan D. Wigenton<br>
**Susan D. Wigenton, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Leda Dunn Wettre, U.S.M.J.